STATE v. DR. P. H. LEE.

(Filed 30 April, 1958.)

**1. Abortion § 3—**

Conflicting evidence in this prosecution for violation of G.S. 14-45 *held* sufficient to be submitted to the jury.

**2. Criminal Law § 107—**

Where corroborative evidence is properly restricted upon its admission, the failure of the court in its charge to explain the difference between substantive evidence and corroborative evidence will not be held for error in the absence of special request.

**3. Criminal Law § 106—**

Failure of the court to define "reasonable doubt" will not be held for error in the absence of special request.

APPEAL by defendant from *Rousseau, J.,* October 1957 Term of CABARRUS.

*Attorney General Patton, Assistant Attorney General Love, and R. T. Sanders of staff for the State.*
*Llewellyn and McKenzie for defendant, appellant.*

PER CURIAM. Defendant was indicted on a charge of attempting to produce an abortion by Joan Porter in violation of G.S. 14-45. Mrs. Porter testified that she employed defendant and paid him $35 to cause her to abort. She was then four or five months pregnant. Her description of what defendant did is sufficient to constitute the crime of which defendant was charged.

Defendant admitted he was employed and treated Mrs. Porter. He denied the employment was for the purpose charged, testifying he did not discover his patient was pregnant, and that the treatment given was to correct the position of her womb and not to produce an abortion.

The conflict in testimony between patient and physician was for the jury. The motion to nonsuit was properly overruled. It is not argued in the brief and is abandoned. Rule 28, 221 N.C. 563.

A police officer testified to statements made to him by Mrs. Porter which detailed her employment of defendant, the purpose of the employment and the treatment given. The court admitted this evidence, telling the jury at the time the evidence was admitted that it was offered for the purpose of corroboration and was not substantive evidence. The court did not, in its charge, explain the difference between substantive evidence and corroborative evidence. Defendant made no request for such an instruction. The failure to make reference in the charge to the difference between substantive evidence and corroborative evidence and to define each of these terms is not ground for exception. Rule 21, 221 N.C. 558; *S .v. McKinnon,* 223 N.C. 160, 25 S.E. 2d 606; *S. v. Johnson,* 218 N.C. 604, 12 S.E. 2d 278.

No request was made to define the term "reasonable doubt." The failure to define the words "reasonable" and "doubt" does no violence to G.S. 1-180. *S. v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133; *S. v. Ammons,* 204 N.C. 753, 169 S.E. 631; *S. v. Steadman,* 200 N.C. 768, 158 S.E. 478.

The charge of the court fairly presented the question at issue to the jury. Our examination of the record and the assignments of error fails to disclose any error in the trial prejudicial to defendant.

Affirmed.