STATE OF NORTH CAROLINA v. IVEY BROOME, SR.

(Filed 12 October, 1966.)

**Criminal Law §§ 107, 113—**

A request not in writing and first made after the court had concluded its charge that the court define "reasonable doubt" is addressed to the sound discretion of the trial court, and the refusal of the court to recall the jury and give the requested instruction is not error.

APPEAL by defendant from *McLean, J.*, July 11, 1966 Regular Schedule B Session of MECKLENBURG.

Defendant was tried upon a bill of indictment charging him with the felonious taking of $9.00 from the person of Brooks Robinson by threatening his life with a knife (G.S. 14-87).

The State's evidence tends to show: On the evening of February 15, 1963, Brooks Robinson, aged 62, was walking from his brother's house to a nearby grocery store in the company of one T. Tillman. They were joined by defendant, whom Robinson did not know. At the store Robinson purchased groceries and a jug of wine, and the three men started back toward Robinson's home. En route, defendant "put a knife around Robinson's neck," demanded his money, took $9.00 and some change from him, and left. Later in the evening, defendant appeared at the home of Robinson's brother, threat-

ened to kill Robinson with a pistol, and took the groceries — including the jug of wine — which Robinson had purchased earlier.

Defendant did not testify, but he offered evidence contradicting that of the State. The verdict was "guilty of armed robbery as charged in the bill of indictment." Defendant appeals from a judgment of imprisonment.

*Attorney General T. W. Bruton, Assistant Attorney General James F. Bullock, and Staff Attorney Leon H. Corbett, Jr., for the State.*

*Peter H. Gerns for defendant appellant.*

PER CURIAM. At the completion of the judge's charge, and after the jury had been instructed to retire in order to consider its verdict, counsel for defendant requested the court to define "reasonable doubt." The failure of the judge to elaborate further upon that term constitutes defendant's only assignment of error supported by an exception in the record.

The judge submitted the case to the jury without stating the contentions of either the State or defendant. A careful examination of the charge discloses that he fairly and impartially recapitulated *all* the evidence, and that he correctly applied the law to the facts.

This Court has said many times that, in the absence of a request, trial judges are not required to define the term "beyond a reasonable doubt" in charging the jury in criminal cases. *State v. Browder,* 252 N.C. 35, 112 S.E. 2d 728; *State v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133; *State v. Lee,* 237 N.C. 263, 74 S.E. 2d 654; *State v. Steadman,* 200 N.C. 768, 158 S.E. 478. "When instructions are prayed as to 'presumption of innocence' and to enlarge on 'reasonable doubt', it is in the sound discretion of the court below to grant the prayer." *State v. Herring,* 201 N.C. 543, 551, 160 S.E. 891, 895. "The failure to define the words 'reasonable' and 'doubt' does no violence to G.S. 1-180." *State v. Lee,* 248 N.C. 327, 103 S.E. 2d 295. These words are as nearly self-explanatory "as any explanation that can be made of them." *State v. Wilcox,* 132 N.C. 1120, 44 S.E. 625. *Accord, State v. Phillip,* 261 N.C. 263, 134 S.E. 2d 386.

Here, counsel's request that the judge define "reasonable doubt" was not in writing and was first made after the court had concluded its charge to the jury. G.S. 1-181; *State v. Rose,* 200 N.C. 342, 156 S.E. 916. Whether to comply with the request was a matter resting in the sound discretion of the judge. Although he might well have complied with the request and given the jury one of the definitions approved in *State v. Hammonds, supra,* and other decisions of this

Court, his refusal to do so was not error. The record discloses no reason for disturbing the verdict; it leaves the conviction that defendant has had a fair trial.

No error.