STATE OF NORTH CAROLINA v. FINLEY W. BAILIFF
No. 6815SC313

(Filed 16 October 1968)

**1. Criminal Law § 106— circumstantial evidence — nonsuit**

The test of the sufficiency of circumstantial evidence to withstand a motion for nonsuit is the same as the rule applicable to direct evidence.

**2. Criminal Law § 106— nonsuit — sufficiency of evidence**

If there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury.

**3. Larceny § 7— sufficiency of evidence**

In a prosecution for larceny of property of a value of more than $200, defendant's motion for nonsuit was properly denied where the State's evidence tended to show that while the prosecuting witness was asleep the defendant and property and cash worth over $200 belonging to the prosecuting witness disappeared from the trailer in which defendant and the prosecuting witness lived together, that the prosecuting witness did not hear from or see defendant again until the trial, and that defendant was wearing one of the stolen items at the trial.

**4. Criminal Law § 112— failure to define "reasonable doubt"**

Failure of the court to define "reasonable doubt" is not error in absence of a request by defendant.

APPEAL by defendant from *Bailey, J.,* 29 April 1968 Session, ALAMANCE Superior Court.

Defendant was found guilty by the jury of larceny of property of a value of more than two hundred dollars.

The State's evidence tended to show: The prosecuting witness,

Boyd Curl, was living in a trailer on Alamance Road. The defendant, Finley Bailiff, is the brother-in-law of the prosecuting witness, and the prosecuting witness had known him for about two years. The defendant lived with the prosecuting witness in the trailer and had been so living for about a month. Both men had a key to the trailer and had their own separate property in the trailer. The prosecuting witness was working at Burlington Mills on the third shift and left work at 7:00 in the morning. On 2 February he left work and both men went back to the trailer. The defendant was supposed to be working at Virginia Mills in Swepsonville on the third shift, but prosecuting witness found out later that defendant was not working although they were riding back and forth together.

On the morning in question when they got back to the trailer, the defendant asked the prosecuting witness if he was sleepy and told him to go to bed, and this occurred two times. The prosecuting witness went to bed between 8:00 and 8:30 a.m., and the defendant was there at the time. The prosecuting witness awoke about 4:30 or 5:00 in the afternoon when he found that the defendant was gone and he was in the trailer alone. The prosecuting witness, when he went to bed that morning, owned a record player worth about $100.00, which was a combination radio and record player, and when he awoke this was gone but it was there when he went to sleep. He owned a wrist watch valued at $50.00, which he took off when he went to bed, and this was also gone. He owned a class ring, and the defendant asked him to give it to him to clean before he went to sleep, and he did this. The prosecuting witness had $140.00 in cash in his wallet when he went to sleep, and this was either on the stand or left in his pants. When he awoke the wallet was there but the money was gone. He also missed some clothes, consisting of a sport shirt and coat, and the defendant was wearing the sport shirt at the trial. The defendant never came back to the trailer and was not seen by the prosecuting witness until the day of the trial. The defendant did not call the prosecuting witness or visit him.

From judgment pronounced on the verdict of guilty, defendant appealed.

*T. W. Bruton, Attorney General, by Ralph Moody, Deputy Attorney General, for the State.*

*Herbert F. Pierce for the defendant.*

BROCK, J.

The defendant assigns as error that the trial judge overruled his motion for nonsuit.

**[1, 2]**     Although the State's evidence was circumstantial it was sufficient to withstand a motion for nonsuit. The test of the sufficiency of circumstantial evidence to withstand a motion for nonsuit is the same as the rule applicable to direct evidence. *State v. Bogan,* 266 N.C. 99, 145 S.E. 2d 374. "If there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury." *State v. Johnson,* 199 N.C. 429, 154 S.E. 730. The rule stated in *Johnson* does not mean that the evidence, in the Court's opinion, excludes every reasonable hypothesis of innocence. Should the Court decide that the State has offered substantial evidence of defendant's guilt, it becomes a question for the jury whether this evidence establishes beyond a reasonable doubt that defendant, and no other person, committed the crime charged. *State v. Bogan, supra.*

**[3]**     Considering the evidence in the light most favorable to the State we think the combination of facts as disclosed by the evidence constitutes substantial evidence of defendant's guilt, and not merely suspicious circumstances. This assignment of error is overruled.

**[4]**     The defendant assigns as error the failure of the trial judge to define the term reasonable doubt in his instructions to the jury. The trial judge did not define the term "reasonable doubt," nor did he attempt to define it. However, the trial judge clearly explained to the jury that the burden was upon the State to prove the defendant guilty beyond a reasonable doubt; that there was no burden on the defendant to prove or disprove anything; and that if they were not satisfied of his guilt beyond a reasonable doubt, they should give him the benefit of the doubt and acquit him. Defendant made no request of the Court to define "reasonable doubt." "The failure to define the words 'reasonable' and 'doubt' does no violence to G.S. 1-180." *State v. Lee,* 248 N.C. 327, 103 S.E. 2d 295. This assignment of error is overruled.

Affirmed.

BRITT and PARKER, JJ., concur.