STATE OF NORTH CAROLINA v. FRANK HAZEN CLINTON

No. 6818SC451

(Filed 5 February 1969)

**1. Criminal Law § 176— review of failure to grant nonsuit**

An assignment of error to failure of trial court to grant defendant's motion for nonsuit presents the issue of whether there is any competent evidence to support the allegations of the crime charged, considering the evidence in the light most favorable to the State and giving it the benefit of every reasonable inference fairly deducible therefrom.

**2. Burglary and Unlawful Breakings § 5— sufficiency of evidence**

Issue of defendant's guilt of felonious breaking and entering is properly submitted to the jury.

**3. Burglary and Unlawful Breakings § 2— what constitutes dwelling house**

A room in a rooming house is included in the meaning of the term "dwelling house" as used in statute prohibiting felonious breaking and entering. G.S. 14-54.

**4. Criminal Law § 71— shorthand statement of fact**

In a prosecution for felonious breaking and entering, testimony by the prosecuting witness' landlady that defendant was in witness' car "locked up and ready to go" is admissible as a shorthand statement of the facts.

**5. Burglary and Unlawful Breakings § 7— instructions as to lesser degree of crime**

Where the evidence pointed only to breaking and entering with intent to commit larceny, trial court did not err in failing to submit to the jury an issue of non-felonious breaking and entering.

**6. Criminal Law § 115— instructions as to lesser degree of crime**

The court is not required to submit to the jury a lesser included offense when there is no evidence from which the jury could find that such included crime of lesser degree was committed.

APPEAL by defendant from *Crissman, J.*, at the 24 June 1968 Session of Superior Court of GUILFORD, Greensboro Division.

By indictment proper in form, defendant was charged with burglary in the first degree of the dwelling of Luby Smith on 28 May 1965, and larceny of a set of car keys. The indictment was dated 27 May 1968.

When the case came on for trial, the solicitor announced in open court that he would not seek a conviction for first-degree burglary, but would seek a conviction of the felony of breaking and entering under G.S. 14-54 or such lesser offense as the jury might find.

The evidence offered by the State tended to show: The prosecuting witness lived in a rooming' house on Walker Avenue in the city of Greensboro. On the night in question he had gone to bed early and was awakened between 11:00 and midnight by the steps of someone entering his room. When he awoke, he saw the defendant who asked if he could borrow some money. When told that he could not, the defendant left. Shortly thereafter, he came back and asked if he could borrow the car of the prosecuting witness, and when told that the prosecuting witness didn't loan his car, the defendant left again. Mr. Smith, who had been paid for his work that day, then got up and took his wallet from his pants pocket and placed it under his pillow. Each time the defendant had come in, he had done so without knocking or making his presence known. There were two doors to Smith's room, one from the hall which he kept locked, and one from the bathroom which was closed. The bathroom could also be entered from an adjoining room, the door to which was left open for tenants whose rooms did not adjoin the bath. Before entering, Mr. Smith parked his car on the street near the front of the rooming house, locking the ignition and doors. He was awakened about 5:00 or 5:30 when Mrs. Welborn, the landlady, came to his room and told him that the defendant was in the car, locked up and ready to go. Mr. Smith could not find his pants in which had been his car keys, but hastened downstairs and confronted the defendant, who

slipped out the other side of the car and ran away. The evidence was that the car had been locked and that the defendant was seen sitting in it with the motor running. Smith later found his pants in the bathroom, with the pockets turned inside out. The keys were never found.

The defendant offered no evidence but moved for judgment as in case of nonsuit. This motion was overruled and the case was submitted to the jury. From judgment on the verdict of guilty of felonious breaking and entering, the defendant appealed.

*Attorney General T. Wade Bruton by Assistant Attorney General George A. Goodwyn for the State.*

*Alston, Alexander, Pell & Pell by E. L. Alston, Jr., for defendant appellant.*

MORRIS, J.

[1, 2]   The defendant first assigns as error the failure of the court to grant his motion for nonsuit. This presents the issue of whether there is any competent evidence to support the allegations of the crime charged, considering the evidence in the light most favorable to the State, and giving it the benefit of every reasonable inference fairly deducible therefrom. 2 Strong, N. C. Index 2d, Criminal Law, § 106, p. 654. Judged by this criterion, the assignment of error is overruled.

The evidence was that the keys had been in the pocket of a pair of pants, that the pants had been moved, and that the pockets had been emptied. Since the doors were closed, it is a reasonable inference that someone broke and entered the room of the prosecuting witness and had obtained the keys. The evidence was that the defendant was seen in the car of the prosecuting witness, and the motor was running. The car had been left locked. The jury could reasonably infer that the defendant had obtained the keys in order to unlock the car and start the motor. In addition, the defendant had twice entered the room of the prosecuting witness, without knocking, and at a time when the prosecuting witness had retired for the night. Moreover, the defendant fled when confronted by the prosecuting witness. Though this evidence is circumstantial, the test, on motion for nonsuit, is the same as for substantive evidence. *State v. Tillman*, 269 N.C. 276, 152 S.E. 2d 159.

The conclusion that there is sufficient identification of the defendant as the perpetrator of the crime is supported by the cases of

*State v. Mullinax*, 263 N.C. 512, 139 S.E. 2d 639; *State v. Knight*, 261 N.C. 17, 134 S.E. 2d 101; and *State v. Peters*, 253 N.C. 331, 116 S.E. 2d 787. See also *State v. Bailiff*, 2 N.C. App. 608, 163 S.E. 2d 398. (Larceny).

[3] The defendant contends that a room in a rooming house is not included in the meaning of the term "dwelling house". The cases do not support this contention. "Every permanent building in which the owner or renter and his family, or any member thereof, usually and habitually dwell and sleep is deemed a dwelling in which this crime may be committed." *State v. Jake*, 60 N.C. 471 (a burglary case). *State v. Langford*, 12 N.C. 253, indicates that a dwelling house is the place wherein a man reposes. This is approved in *State v. Jenkins*, 50 N.C. 430. It is undisputed that the room in the case at hand was used for sleeping; thus, it appears to meet the test of a "dwelling house".

[4] Defendant contends that certain inadmissible evidence was allowed by the trial court. Luby Edgar Smith was permitted to testify that Mrs. Welborn had told him the defendant was in his car "fixing to drive off". Mrs. Welborn was permitted to testify that defendant was in the car "locked up and ready to go". The record before us does not show that an objection was made to the questions which produced these answers. Following the answers of the witnesses, the defendant moved to strike in each instance, but he did not specify the reason for these motions. The evidence was properly admitted. Smith's testimony was corroborative of Mrs. Welborn whose testimony was proper as a "shorthand statement of the facts", Stansbury, N. C. Evidence 2d, § 125; Strong's N. C. Index 2d, Evidence, § 42; therefore, the motions to strike, made in a general manner, were properly overruled.

Defendant contends that the lower court did not adequately explain the proper weight to be given circumstantial evidence. It would appear that this point was adequately covered. The judge clearly set out the elements of the offense charged and in terms easily understood by a jury. Therefore, the exception on this point seems to be without merit.

[5, 6] Finally, defendant objected to the failure of the court to submit an issue of non-felonious breaking and entering. The evidence pointed only to breaking and entering with intent to commit larceny. The court is not required to submit to the jury a lesser included offense when there is no evidence from which the jury could find that such included crime of lesser degree was committed. *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545; *State v. LeGrande*, 1

N.C. App. 25, 159 S.E. 2d 265; *State v. Martin*, 2 N.C. App. 148, 162 S.E. 2d 667.

Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.