STATE OF NORTH CAROLINA v. ERIC PATRICK BROWN

No. 7018SC148

(Filed 25 February 1970)

**1. Criminal Law § 155.5—   failure to docket record on appeal in apt time**

Where the record on appeal was docketed in the Court of Appeals 237 days after the entry of the judgment appealed from, the appeal is subject to dismissal for failure to docket the record on appeal within the time required by Rule 5.

**2. Criminal Law § 112—   instructions — necessity for defining "reasonable doubt"**

In the absence of a request, the trial judge is not required to define the term "beyond a reasonable doubt" in charging the jury in a criminal case.

**3. Robbery § 3—   robbery by violence or intimidation — condition of premises where robbery occurred**

In this common-law robbery prosecution wherein the State's evidence tended to show that defendant, in company with others, broke into a store, did extensive damage to the interior of the store and to merchandise displayed therein, and then demanded that the proprietor give him certain merchandise, with which demand the proprietor complied, the trial court did not err in the admission of testimony by the investigating police officer as to the condition of the store premises and in the admission for illustrative purposes of photographs of the premises taken by the officer, such testimony being relevant to the State's contention that property had been taken by defendant by violence or intimidation.

**4. Criminal Law § 166—   abandonment of exceptions and assignments of error**

Exceptions and assignments of error for which no reason or argument is stated or authority cited in appellant's brief are deemed abandoned. Court of Appeals Rule 28.

**5. Criminal Law §§ 144, 177— remand to have judgment corrected to conform to sentence actually pronounced**

Where judgment as contained in the record on appeal from a conviction of common-law robbery imposed a prison sentence upon defendant of "not more than two nor less than six years," but the original transcript taken and certified by the court reporter discloses that the actual sentence pronounced in open court correctly imposed a sentence of "not less than two nor more than six years," the cause is remanded to have the judgment corrected to conform to the sentence actually pronounced in open court.

APPEAL by defendant from *Gambill, J.,* 5 May 1969 Criminal Session of GUILFORD Superior Court.

Defendant was tried on his plea of not guilty to a bill of indictment charging him with the crime of common-law robbery. He was found guilty by the jury, and from judgment imposed on the verdict, defendant appealed.

*Attorney General Robert Morgan and Staff Attorney Howard Satisky for the State.*

*Herman L. Taylor for defendant appellant.*

PARKER, J.

**[1]** The judgment appealed from was entered on 13 May 1969. The record on appeal was docketed in the Court of Appeals on 5 January 1970, which was 237 days after the entry of the judgment appealed from. The rules of this Court require that an appeal be docketed within 90 days after the entry of the judgment appealed from, unless an extension of time not to exceed 60 additional days is obtained from the trial tribunal. Rule 5, Rules of Practice in the Court of Appeals of North Carolina. The record on appeal contains no order of the trial tribunal extending the time for docketing the record on appeal in this case, and in any event the record was docketed more than 150 days after the date of the judgment appealed from. For failure to docket the record on appeal within apt time as required by the rules of this Court, this appeal is subject to dismissal. *Reece v. Reece,* 6 N.C. App. 606, 170 S.E. 2d 546; *Young v. Insurance Co.,* 6 N.C. App. 443, 170 S.E. 2d 90; *State v. Stewart,* 4 N.C. App. 249, 166 S.E. 2d 458; *State v. Farrell,* 3 N.C. App. 196, 164 S.E. 2d 388; *State v. Squires,* 1 N.C. App. 199, 160 S.E. 2d 550.

Nevertheless, in order to determine that justice is done, we have carefully reviewed the record on appeal with respect to all assignments of error brought forward in the appellant's brief.

**[2]** Defendant assigns as error the failure of the trial judge to

explain the words "reasonable doubt" in his instructions to the jury. The trial judge did not define the term "reasonable doubt," nor did he attempt to do so. However, he did clearly explain to the jury that the burden was upon the State to prove the defendant guilty beyond a reasonable doubt, and that if after weighing all the evidence they had a reasonable doubt as to his guilt, they should give him the benefit of the doubt and acquit him. Defendant made no request to the court to define "reasonable doubt." In the absence of a request, trial judges are not required to define the term "beyond a reasonable doubt" in charging the jury in criminal cases. *State v. Broome*, 268 N.C. 298, 150 S.E. 2d 416; *State v. Lee*, 248 N.C. 327, 103 S.E. 2d 295; *State v. Bailiff*, 2 N.C. App. 608, 163 S.E. 2d 398. This assignment of error is overruled.

[3] The only other assignment of error brought forward in appellant's brief relates to the admission in evidence over his objection of testimony of a Greensboro police officer as to the condition of the premises where the crime was committed and admission in evidence of photographs of the premises taken by this police officer. In this assignment of error there is no merit. The State's evidence tended to show that the robbery occurred at approximately 10:30 p.m. on 13 March 1969, and that the defendant, in company with others, had broken into the store premises, had done extensive damage to the interior of the premises and to merchandise displayed therein, and had then demanded that the proprietor give him certain merchandise, with which demand the proprietor had complied. The police arrived in time to see defendant leave the premises. The photographs of the premises were taken at approximately 3:00 a.m. on the following morning, within four and one-half hours of the time the crime was committed. The testimony of the investigating officer as to the condition of the store premises, and the photographs which were admitted for purposes of illustrating that testimony, were properly admitted in evidence. Robbery has been defined as "the felonious taking of money or goods of any value from the person of another, or in his presence, against his will by violence or putting him in fear." *State v. Rogers*, 273 N.C. 208, 159 S.E. 2d 525; *State v. Lawrence*, 262 N.C. 162, 136 S.E. 2d 595; *State v. Lunsford*, 229 N.C. 229, 49 S.E. 2d 410. Under the circumstances of this case, the testimony of the witness as to the condition of the premises was clearly relevant to the State's contention that property had been taken by the defendant by violence or intimidation.

[4] No reason or argument is stated or authority cited in appellant's brief in support of the remaining exceptions and assignments

of error in the record. Accordingly, these will be taken as abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

**[5]**     While not the subject of any exception or assignment of error, we note that the judgment as contained in the record imposed a prison sentence upon the defendant "for the term of not more than two (2) nor less than six (6) years in the State's Prison." The Attorney General has filed with this Court an excerpt from the original transcript, taken and certified to by the court reporter, which discloses that the sentence as actually pronounced by the trial judge in open court correctly imposed a sentence of "not less than two nor more than six years." It is apparent that the judgment as appears in the record was the result of a clerical error. For this error, the cause is remanded to the trial court to have the judgment corrected to conform to the sentence actually pronounced in open court.

Remanded for judgment.

CAMPBELL and HEDRICK, JJ., concur.