STATE OF NORTH CAROLINA v. DONALD RAY LAWING

No. 7126SC399

(Filed 14 July 1971)

**Criminal Law § 144— correction of sentence**

　Where the record shows a discrepancy between the pronouncement in open court that defendant be imprisoned for six years ·and the written judgment that defendant be imprisoned for eight years, the cause is remanded to the trial court for imposition of the six-year sentence.

APPEAL by defendant from *McLean, Judge,* 4 January 1971 Session of Superior Court held in MECKLENBURG County.

Defendant, Donald Ray Lawing, was tried upon a valid bill of indictment charging him with the felony of uttering a forged check.

Clarence Hartsell testified for the State that the building occupied by Hartsell Brothers Fence Company, Inc., was entered on 20 November 1969, and a checkbook was taken from the premises. The name and address of the firm was imprinted on approximately 300 checks that were taken. Clinton R. Hartsell, president of the company, and Clarence Hartsell, vice president, were the only persons authorized to sign the company checks.

State's Exhibit 1 was introduced into evidence. It was identified as one of the checks taken and was payable to Donald Ray Lawing in the amount of $48.15. The check was signed by "Clarence Hartsell" and "Clinton C. Hartsell," but Clarence Hartsell testified that he did not sign it, that he did not know a "Clinton C. Hartsell," and that neither he nor anyone else in the firm authorized anyone to sign State's Exhibit 1.

James W. Wayne testified for the State that he worked at Benson's Rexall Drugs. On 21 November 1969 the defendant approached him and asked him to cash the check, State's Exhibit 1. Wayne approved the cashing of the check and saw defendant endorse it. The check was cashed. On cross-examination, Wayne testified:

" * * * It is a possibility that the defendant could have come in my store on some other day to cash the check. I am not positive November 21, 1969 was the exact date. I have never cashed any other Hartsell brothers checks."

Defendant offered evidence which tended to establish an alibi.

The jury returned a verdict of guilty as charged, and the judgment pronounced in open court was that the defendant be confined to the common jail in Mecklenburg County for a period of six years. However, the judgment signed by the judge read:

"It is ADJUDGED that the defendant be imprisoned for the term of Eight (8) years in the common jail of Mecklenburg County * * * ."

From this judgment, the defendant appealed.

*Attorney General Morgan and Associate Attorney Ricks for the State.*

*William D. McNaull, Jr., for defendant appellant.*

MALLARD, Chief Judge.

Defendant assigns error to much of the evidence introduced by the State at the trial. We have examined the evidence, and defendant's assignments of error thereto are overruled.

Defendant's motion in arrest of judgment filed herein is denied. The bill of indictment in this case is sufficient and is distinguishable from the bill of indictment in the case of *State v. Able,* 11 N.C. App. 141, 180 S.E. 2d 333 (1971).

Defendant assigns as error the discrepancy between the pronouncement in open court that defendant be imprisoned for six years and the written judgment signed by the judge which indicated that he be imprisoned for eight years. We are unable to tell from the ambiguous state of the record the true character of the sentence. It is apparent that the written judgment contains a clerical error. For this error, the cause is remanded to the trial court to have the commitment corrected to conform to the sentence of six years as the record shows was actually pronounced in open court. *State v. Brown,* 7 N.C. App. 372, 172 S.E. 2d 99 (1970).

Remanded with instructions.

Judges CAMPBELL and HEDRICK concur.