State v. Burks

*Fairly, Hamrick, Monteith & Cobb, by Laurence A. Cobb, for plaintiffs appellees.*

*Richard A. Cohan, for defendants appellants.*

---

STATE OF NORTH CAROLINA v. ROY LEE BURKS, JR.

No. 7718SC713

(Filed 7 February 1978)

**Criminal Law § 122.1— corroborative evidence—jury request for instructions**
    Where the jury, after it had begun its deliberations, asked the court a question which indicated that the jury did know the difference between substantive and corroborative evidence, it was not error for the court to fail to

instruct on corroborative evidence but to instruct the jury to rely on its own recollection as to whether the testimony of the witnesses was corroborative.

APPEAL by the defendant from *Kivett, Judge.* Judgment entered 1 April 1977, in Superior Court, GUILFORD County. Heard in the Court of Appeals 12 January 1978.

Defendant was tried for a crime against nature and taking indecent liberties with a minor. During the trial the State offered three witnesses who testified in corroboration of Sheila Jones, the prosecuting witness. Judge Kivett instructed the jury as to corroborating evidence when the testimony was offered but did not mention corroborating evidence in his charge.

After beginning its deliberation the jury returned to the courtroom and the foreman asked:

"Some of the witnesses who gave so-called corroborative testimony mentioned some things, and we simply wanted to check whether Sheila testified to the same things or whether it was really corroborative or whether it was something new."

Judge Kivett replied:

"You will have to rely on your own recollection. If you can from your own recollection, determine that some things were said by other witnesses in the corroborative testimony, and you can't remember they were said in the first instance, then you'd have to disregard what the corroborating witness said they said because it would not in fact corroborate her."

From a conviction on both charges, the defendant has appealed.

*Attorney General Edmisten, by Assistant Attorney General James Wallace, Jr., for the State.*

*Frank A. Campbell, Assistant Public Defender, Eighteenth Judicial District, for defendant appellant.*

WEBB, Judge.

Defendant has brought forward only one assignment of error, that relating to the charge as to corroborating evidence.

The defendant. concedes that no charge on corroboration is required without a request for it. *State v. Lee*, 248 N.C. 327, 103 S.E. 2d 295 (1958). The defendant contends the question by the jury foreman was a proper request that the jury be instructed on corroboration and that in its answer the Court failed to distinguish properly between substantive and corroborative evidence.

As we read the question, the jury did understand the difference between substantive and corroborating evidence. We read it to mean that the jury could not recall whether Sheila Jones had testified to the things to which the other witnesses testified or whether the other witnesses had testified to something new. Judge Kivett properly told the jury they would have to rely on their own recollections as to the testimony of the witnesses.

No error.

Judges BRITT and HEDRICK concur.