STATE OF NORTH CAROLINA
v.
VILMA SN MIRJAH
No. COA09-192
Court of Appeals of North Carolina.
Filed: November 17, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Kathleen N. Bolton, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Katherine Jane Allen, for defendant-appellant.
CALABRIA, Judge.
Vilma Mirjah ("defendant") appeals an order correcting judgments entered upon guilty pleas to five counts of embezzlement, three counts of obtaining a controlled substance by forgery or fraud and nine counts of common law forgery. We affirm, but remand the matter to the trial court to correct clerical errors that remain on defendant's judgments.
On 10 April 2006, defendant was indicted for the following offenses: one count of conspiracy to traffic in opium or heroin, five counts of embezzlement, three counts of obtaining a controlled substance by forgery or fraud and nine counts of common law forgery. On 19 September 2006, defendant, as part of a plea agreement, pled guilty pursuant to State v. Alford to five counts of embezzlement, three counts of obtaining a controlled substance by forgery or fraud and nine counts of common law forgery in Wilkes County Superior Court. The terms of the plea arrangement were as follows:
The defendant will plead Guilty under State vs. Alford to the below listed charges. The charges will be consolidated into eight H felonies to run at the expiration [sic] for sentencing. The state will dismiss the charge [sic] conspiracy of Trafficking in Opium/Heroin. Sentencing is at the discretion of the Court. Sentences shall be 8 months minimum.
After the presentation of a factual basis for defendant's plea, the Honorable John O. Craig, III ("Judge Craig") pronounced the following sentence: "all charges are consolidated into eight Class H felonies. In my discretion I hereby give her active sentences for each of these and [a] minimum of eight and a maximum of ten months." These sentences were to be served in the North Carolina Department of Correction.
Defendant's sentences were then reduced to writing in eight judgments, signed by Judge Craig, sentencing defendant as a prior record level II offender to eight consecutive active sentences of eight to ten months each. Contrary to the parties' plea agreement and the sentences pronounced by the trial court, the judgment and commitment forms in two file numbers  06 CRS 50147 and 06 CRS 50148 ("the Class I judgments")  were for two Class I felonies of obtaining a controlled substance by forgery or fraud rather than for two Class H felonies. These judgments indicated the sentences imposed were within the presumptive range. Five Class H felonies and one Class I felony were consolidated into the judgment and commitment form entered in file number 06 CRS 50112.
By letter dated 11 December 2006, the Combined Records section of the North Carolina Department of Correction informed the Clerk of Superior Court for Wilkes County that there appeared to be errors in the Class I judgments because the sentences "have come from the Aggravated Range, however the Presumptive box was marked."
Thereafter, defendant filed several motions for appropriate relief in the trial court. On 20 July 2007, an order was entered denying defendant's pending motion for appropriate relief. [R. p. 61] That order also stated: "defendant shall not file any further motions or pleadings in the above captioned cases or sanctions such as contempt will be used by the Court" and "[n]o further action will be taken by the Court on any motions or pleadings filed by the defendant in violation of this Order."
On 29 February 2008, defendant filed a petition for writ of certiorari with this Court, which entered the following order on 18 March 2008:
It appears that defendant has identified sentencing errors in at least some of the judgments entered pursuant to her Alford plea on 19 September 2006, but that she failed to raise these issues in her motion for appropriate relief filed in the trial court on 27 March 2007. Accordingly, notwithstanding the provisions of N.C. Gen. Stat. § 15A-1419(a)(1)(2007), we deny defendant's petition for writ of certiorari without prejudice to her right to file another motion for appropriate relief in the trial court challenging the legality of her sentences under N.C. Gen. Stat. § 15A-1340.17 (2007).
By letter dated 8 June 2008, defendant requested permission to file another motion for appropriate relief with the trial court in light of this Court's 18 March 2008 order. In response to this letter, defendant was assigned counsel for a resentencing hearing. On 24-25 June 2008, a hearing was conducted in Wilkes County Superior Court concerning the errors that occurred when the judgments originally entered were recorded.
After hearing the arguments of counsel and reviewing the record, the trial court concluded that "[a] clerical error occurred in preparing the judgments containing the sentences imposed by Judge Craig. From the transcript, it is clear that Judge Craig ordered that there were to be eight active sentences and that he accepted the plea arrangement which called for the sentences to be served consecutively." The trial court then ordered the following: (1) that the judgments entered in file numbers 06 CRS 50147 and 06 CRS 50148 be stricken; (2) that the consolidation of file numbers 06 CRS 50549 and 06 CRS 50551 into the original judgment entered in file number 06 CRS 50112 be stricken; and (3) that two consecutive, active sentences of eight to ten months imprisonment be entered in file numbers 06 CRS 50549 and 06 CRS 50551. The end result of the trial court's order was that defendant received eight consecutive active sentences of eight to ten months.[1] The order was entered nunc pro tunc 19 September 2006. From this order, defendant appeals.
As an initial matter, we note that defendant voluntarily pled guilty and is not asserting any of the grounds for appeal of a guilty plea pursuant to N.C. Gen. Stat. § 15A-1444 (2007). Defendant, therefore, has no right to appeal. However, defendant also asks that her appeal be treated as a petition for writ of certiorari. Although defendant has failed to follow the requirements for a petition for writ of certiorari according to N.C.R. App. P. 21(c) (2008), we determine, after careful review of the instant case, that "exceptional circumstances" exist to utilize N.C.R. App. P. 2 (2008) to suspend the appellate rules and consider defendant's argument. See State v. Hart, 361 N.C. 309, 316-17, 644 S.E.2d 201, 205-06 (2007); see also Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008).
Defendant argues that the trial court erred when it changed the way defendant's written sentences were consolidated. Defendant contends that although her overall sentence remained the same, the changes made by the trial court resulted in defendant being sentenced to a term of imprisonment that exceeded the original sentence imposed upon her. We disagree.
Defendant contends that the trial court's order violated N.C. Gen. Stat. § 15A-1335, which states:
When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.
N.C. Gen. Stat. § 15A-1335 (2007).
In a criminal case, "[j]udgment is entered when sentence is pronounced." N.C. Gen. Stat. § 15A-101(4a) (2007). When the written judgment does not reflect the sentence as actually pronounced by the trial judge in open court, the written judgment should be considered the result of a clerical error. See State v. Lawing, 12 N.C. App. 21, 23, 182 S.E.2d 10, 11-12 (1971); State v. Brown, 7 N.C. App. 372, 375, 172 S.E. 2d 99, 101 (1970).
"[I]t is universally recognized that a court of record has the inherent power and duty to make its records speak the truth[,] . .. to amend its records, correct the mistakes of its clerk or other officers of the court, or to supply defects or omissions in the record[.]" State v. Dixon, 139 N.C. App. 332, 337, 533 S.E.2d 297, 302 (2000)(citation omitted).
No lapse of time will divest the trial court of the power to make its record speak the truth, and it may amend its record for this purpose either in or out of term. When a court amends its records to accurately reflect the proceedings, the amended record stands as if it had never been defective, or as if the entry had been made at the proper time. In other words, the amended order is a nunc pro tunc entry.
Id. at 338, 533 S.E.2d at 302 (internal quotations and citations omitted). The transcript unambiguously reflects that Judge Craig consolidated defendant's guilty pleas under eight Class H felonies and sentenced defendant to consecutive eight to ten month sentences on each felony. Therefore, it was proper for the trial court to correct the clerical errors contained in the written judgments and commitments to accurately reflect the sentences pronounced in open court by Judge Craig. Because the trial court was merely correcting clerical errors in an attempt to make the records "speak the truth," the original sentence was not set aside and no new sentence was imposed. Therefore, N.C. Gen. Stat. § 15A-1335 (2007) is not applicable to defendant's case.
Defendant argues that the trial court erred by sentencing defendant to a term of imprisonment for a duration not authorized for her class of offense and prior record level. We disagree.
When the sentences pronounced by Judge Craig on 19 September 2006 were originally reduced to writing, the charges of embezzlement in file numbers 06 CRS 50549 and 06 CRS 50551 were consolidated with three other charges under a single judgment and commitment form in file number 06 CRS 50112. At the subsequent hearing the trial court ordered, inter alia, that the consolidation of file numbers 06 CRS 50549 and 06 CRS 50551 reflected in the original written judgment entered in file number 06 CRS 50112 be stricken and that two consecutive, active sentences of a minimum of eight months to a maximum of ten months be entered in file numbers 06 CRS 50549 and 06 CRS 50551. When these corrections were reduced to writing, defendant was sentenced as ordered by the trial court in the judgment and commitment forms for file numbers 06 CRS 50549 and 06 CRS 50551. The judgment and commitment form in file number 06 CRS 50112, however, was never amended to reflect the corrections ordered by the trial court. As a result of this additional clerical error, the offenses in 06 CRS 50549 and 06 CRS 50551 were still included as consolidated offenses in the judgment and commitment form for file number 06 CRS 50112 and defendant therefore has three separate judgments sentencing her for two convictions.
On 3 April 2009, this Court allowed the State's motion to amend the record on appeal to include a corrected judgment and commitment in file number 06 CRS 50112 that was certified by the trial court on 9 March 2009. The State, in its brief, notes that this corrected judgment and commitment also contains a clerical error, the omission of the consolidated offense in file number 06 CRS 50149, and asks that it be stricken. The State's request is granted.
The State also notes that the revised judgment and commitment form in file number 06 CRS 50549 erroneously omits one count of embezzlement under the "Offense Description." This, too, was a clerical error which must be corrected.
"When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record `speak the truth.'" State v. Smith, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008)(citations omitted). Based upon the record, the following corrections should be made to the judgment and commitment form in 06 CRS 50112 upon remand: (1) the offenses in 06 CRS 50549 and 06 CRS 50551 should be removed from the consolidated offenses in 06 CRS 50112; and (2) the offenses in 06 CRS 50147 and 06 CRS 50148 should be added to the consolidated offenses in 06 CRS 50112. In addition, the revised judgment and commitment form in 06 CRS 50549 should be corrected to add one additional count of embezzlement.
The record on appeal includes additional assignments of error not addressed by defendant in her brief to this Court. Pursuant to N.C.R. App. P. 28(b)(6) (2008), we deem them abandoned and need not address them. The trial court properly corrected the clerical errors contained in defendant's written judgments and commitments and its order did not implicate N.C. Gen. Stat. § 15A-1335 (2007). This case is remanded for correction of the remaining clerical errors noted in this opinion.
Affirmed and remanded.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).
NOTES
[1] As discussed later in this opinion, there were additional clerical errors when this new order was attempted to be reduced to written judgments.