STATE v. C. E. SPENCER.

(Filed 21 November, 1945.)

**Trial § 32—**

The statute, G. S., 1-181, requires counsel, praying for instructions to the jury, to "put their requests in writing entitled of the cause, and to sign them; otherwise the judge may disregard them." It is within the sound discretion of the trial judge to give or to refuse prayer for instruction that is not in writing and signed as required by the statute.

APPEAL by defendant from *Phillips, J.,* at April Term, 1945, of GASTON.

Criminal prosecution upon a warrant issued out of the Municipal Court of the city of Gastonia, North Carolina, charging that on or about 27 October, 1944, at and in the county of Gaston, North Carolina, defendant, C. E. Spencer, "did willfully, maliciously and unlawfully abandon his wife, Mrs. C. E. Spencer, without providing adequate support for such wife, against the statute in such cases made and provided, . . ." etc., tried before judge and jury in Superior Court on appeal thereto by defendant from judgment on verdict of guilty entered in said municipal court.

The State offered evidence tending to prove the offense charged. A recitation of it will serve no useful purpose. Defendant offered no evidence. There was no motion to nonsuit.

Verdict: Guilty as charged in warrant.

Judgment: Imprisonment for designated term—suspended upon express conditions.

Defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*
*Wade H. Sanders for defendant, appellant.*

WINBORNE, J. When on the trial in Superior Court the judge presiding had concluded, or was about to conclude his charge to the jury, counsel for defendant orally requested certain special instructions:

First. "Would your Honor elaborate a little more upon the fact that if a man is incapacitated for work, what his duty would be in that respect—about how much he can do? A man is not guilty of failing to provide his wife with support if it is impossible for him to support her."

To this the court stated: "I told the jury very plainly that he was only required to furnish that support that he was able to from his estate and from his earning capacity, and I tell you that again. In other words, if he can't provide support, if he is physically unable or has no estate from which he can provide support, the law says that he would not be guilty of failure to support."

Second. "Would your Honor tell the jury to take into consideration that she (the prosecutrix) has the bulk of defendant's earning property?"

To this the court replied: "That is a question for the jury."

Defendant assigns the foregoing responses to the oral requests as error for that he contends that, as to the first, the court failed to state the law and evidence on that phase of the case, and, as to the second, the court failed to charge as requested.

The exceptions are without merit for these reasons: The pertinent statute, G. S., 1-181, formerly Revisal, 538, and C. S., 565, requires

counsel praying of the judge instructions to the jury to "put their requests in writing entitled of the cause, and to sign them; otherwise, the judge may disregard them." Moreover, it is within the sound discretion of the trial judge to give or to refuse a prayer for instruction that is not in writing and signed by the attorney tendering it as required by the statute. G. S., 1-181. See *Bank v. Smith,* 186 N. C., 635, 120 S. E., 215; also *Pritchett v. R. R.,* 157 N. C., 88, 72 S. E., 828; and *Posey v. Patton,* 109 N. C., 455, 14 S. E., 64.

Furthermore, the response to the first request appears to be in compliance with it. And the response to the second is not an incorrect statement of the law.

Careful consideration of the record in relation to other assignments of error fails to show that they are well founded.

Hence, in the judgment below we find

No error.