### STATE OF NORTH CAROLINA v. ZANE LOVE.

(Filed 22 March, 1967.)

**1. Criminal Law § 93—**

Motion to sequester the witnesses is addressed to the discretion of the trial court, and the refusal of the motion is not reviewable.

**2. Criminal Law § 162—**

The exclusion of evidence is not shown to be prejudicial when the record fails to disclose the excluded evidence.

APPEAL by defendant from *Froneberger, J.,* September 5, 1966 Regular Criminal Session, MECKLENBURG Superior Court.

The defendant, Zane Love, Stephen Vann Starnes, and Johnny Wayne Gurley, were indicted for the felony of robbery with firearms, and by their threatened use, the defendants did feloniously rob and forcibly take from Richard Lee Holshouser his wallet and contents of the total value of approximately $10.

The Court, upon a showing of indigency, appointed Mr. John G. Plumides attorney for the appellant. After trial, in which the defendants all testified, the jury returned verdicts finding each guilty of common law robbery. The Court imposed on each a prison sentence of 3 years. Zane Love appealed.

The State's witness, Holshouser, testified the defendants assaulted him, struck him many times, inflicting wounds which required medical treatment. By the threatened use of knives, the defendants forcibly took from the witness his billfold and contents. The appellant, as well as his two co-defendants, testified, admitted they were

out with Holshouser, but denied they took his pocketbook or any money from him. The jury returned verdicts of guilty as to all the defendants. From the sentence of 3 years, Zane Love appealed.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General, for the State.*
*Plumides & Plumides by John G. Plumides and Jerry W. Whitley for the defendant appellant.*

PER CURIAM. The appellant's first assignment of error challenges the Court's refusal to sequester the witnesses upon the appellant's motion. The refusal was in the Court's discretion and not reviewable. *State v. Spencer,* 239 N.C. 604, 80 S.E. 2d 670. Another assignment involved the admissibility of evidence. Any error in this respect was cured by the failure to place in the record the excluded evidence so the Court could determine its materiality. In one instance evidence of the same import was admitted without objection.

The record does not disclose any reason why the verdict and judgment should be disturbed.

No error.