STATE OF NORTH CAROLINA v. JUNIOR CHARLES HARDEE

No. 6918SC429

(Filed 17 September 1969)

**1. Criminal Law § 138;    Arrest and Bail § 9—    excessive sentence — credit for time served pending appeal**

There is no merit in indigent defendant's contention that there existed the possibility he might serve his sentence beyond the statutory limit in that he could not arrange bail and had to remain incarcerated pending appeal, the question being resolved by the 1969 amendment to G.S. 15-184 which provides that a defendant not admitted to bail pending the appeal shall receive credit towards the satisfaction of his sentence for all time spent in custody pending the appeal, except when the sentence is death or life imprisonment.

**2. Criminal Law § 98—    motion to sequester witnesses**

Denial of defendant's motion to sequester witnesses is in the discretion of the trial court and not reviewable.

**3. Criminal Law § 89—    corroborative testimony — instruction restricting jury's consideration**

Although it would have been the better practice in incest prosecution to instruct the jury with regard to the nature of corroborative testimony prior to testimony of prosecutrix' sister that she had had sexual intercourse with defendant, rather than after such testimony, the failure to do so was not prejudicial to defendant.

**4. Criminal Law §§ 113, 119—    corroborative evidence — requests for instruction**

Refusal of trial court to grant defendant's request to instruct the jury in the charge with respect to the nature of corroborative testimony was not error, where defendant's request was not in writing as required by G.S. 1-181, and where the court had so instructed the jury at the time the corroborative testimony was admitted.

**5. Criminal Law § 113—    instructions — failure to define "corroborative evidence"**

Failure of the trial court to define "corroborative evidence" in its instructions to the jury at the time the corroborative testimony was admitted is not error.

**6. Incest—    nonsuit — evidence of sexual penetration**

Testimony by the 12-year-old prosecutrix that her father, the defendant, had had sexual intercourse with her on several occasions is sufficient evidence of sexual penetration to be submitted to the jury in a prosecution for incest.

**7. Criminal Law § 106—    nonsuit — credibility of prosecuting witness**

Nonsuit should not be granted on ground that the prosecuting witness was not worthy of belief; whether testimony is true or false and what it proves if it be true are matters for the jury.

**8. Criminal Law § 113— instructions — credibility of witnesses**

In the absence of a request, the trial court is not required to charge on the credibility of the witnesses.

APPEAL by defendant from *Ragsdale, S.J.,* 12 May 1969 Criminal Session, GUILFORD Superior Court.

Defendant was charged, in a valid bill of indictment, with incest. He entered a plea of not guilty, was found guilty as charged by the jury, was sentenced, and appealed from the judgment entered. Upon application and finding of indigency, counsel was appointed to perfect his appeal, and Guilford County was ordered to furnish his counsel with a transcript of his trial and pay the mimeographing costs in this Court.

*Attorney General Robert Morgan, by Assistant Attorney General Bernard A. Harrell, for the State.*

*Bencini, Wyatt, Early & Harris, by A. Doyle Early, Jr., for defendant appellant.*

MORRIS, J.

**[1]** Defendant's first assignment of error is to the sentence imposed by the court. He readily admits that the sentence is within the statutory limits but contends that the *possibility* exists of serving beyond the statutory limit by reason of the fact that defendant, an indigent, could not arrange bail and is, therefore, required to remain incarcerated pending ·appeal. If the contention had any merit, and we do not concede that it does, the question is resolved by the 1969 amendment to G.S. 15-184 providing, in pertinent part, that "[i]f the defendant has not been admitted to bail pending the appeal, the defendant shall receive credit towards the satisfaction of the sentence for all the time the defendant has spent in custody pending the appeal, except when the sentence is death or life imprisonment." This provision was made applicable to all trials commencing after 22 April 1969. Defendant's trial began 13 May 1969.

**[2]** Defendant's next assignment of error is to the denial of his motion to sequester witnesses. The refusal was in the court's discretion and not reviewable. *State v. Love,* 269 N.C. 691, 153 S.E. 2d 381. Defendant in his brief candidly admits that there is no contention that the court abused its discretion.

**[3]** The court admitted the testimony of the prosecuting witness's sister to the effect that she also had had sexual intercourse with her father. Defendant does not question the admissibility of this evi-

dence. Immediately after the testimony in this regard, the court instructed the jury that the testimony of the witness that she had had sexual intercourse with the defendant was competent for the purpose of showing intent on the part of defendant and for the purpose of corroborating the testimony of the prosecuting witness, if the jury should find that it did corroborate and not competent if it didn't corroborate, and that it was not competent for any other purpose. Defendant makes this instruction the subject of assignments of error Nos. 5 and 6. He contends that it was error for the court to give the jury instructions after the witness testified rather than before. Defendant cites no authority for his position nor does he show how defendant was prejudiced thereby. Conceding that the better practice would be to instruct the jury prior to the testimony, we do not regard the failure to do so as prejudicial error. Defendant further contends by assignment of error No. 6 that the instruction given was not adequate. It appears from the record that defendant's exception to the instructions given was exception No. 9 which is not brought forward. Assignment of error is based on exception No. 8 which was taken to the court's failure to instruct prior to the evidence. Nevertheless, even though we do not approve the instruction as a model, in this situation we find no prejudicial error sufficient to warrant the granting of a new trial. Additionally, in its charge to the jury the court, while recapitulating the evidence, again gave adequate instructions as follows:

"And I wish now to recapitulate what I said and to instruct you again with respect to that. I instruct you that the testimony of this girl, Joan Hardee, concerning the commission of similar acts with her is not substantive proof that the defendant is guilty of the crime laid against him in the bill of indictment, but that testimony by Joan Hardee is competent to show intent, design, guilty knowledge or identity of the person or the crime but it is not substantive evidence that the defendant, Junior Charles Hardee, had sexual relations with his daughter, Diane Hardee. It is competent for the purpose of showing, if you find that it does, intent, design, guilty knowledge or identity of the person or the crime."

[4] The tenth assignment of error is directed to the refusal of the court to charge the jury with respect to corroborative testimony of some of the witnesses. Defendant concedes that the jury had been instructed when the evidence was admitted. Oral request for additional instructions was made at the conclusion of the court's charge. The record indicates that the request was for instructions with respect to the testimony of other witnesses as corroborative of the

testimony of the prosecuting witness and that the request was denied for that in view of the fact that such instruction had been previously given on numerous occasions during the course of the trial, further instructions, in the view of the court, were unnecessary.

The rule was stated by Stacy, C.J., in *State v. McKeithan,* 203 N.C. 494, 497, 166 S.E. 336, 337:

"It is now the rule of practice with us that when testimony is admitted, not as substantive evidence, but in corroboration or contradiction, and that fact is stated by the court when it is admitted, it will not be ground for exception that the judge does not in his charge again instruct the jury specifically upon the nature of such evidence, unless his attention is called to the matter by a prayer for instruction; . . ." See *State v. Sutton,* 4 N.C. App. 664, 167, S.E. 2d 499.

Oral requests for instructions at the end of the court's charge were refused in *State v. Spencer,* 225 N.C. 608, 35 S.E. 2d 887. On appeal, the Supreme Court held the assignments of error to be without merit.

"The pertinent statute, G.S., 1-181, . . . requires counsel praying of the judge instructions to the jury to 'put their requests in writing entitled of the cause, and to sign them; otherwise the judge may disregard them.' Moreover, it is within the sound discretion of the trial judge to give or to refuse a prayer for instruction that is not in writing and signed by the attorney tendering it as required by the statute. (Citations omitted)." *State v. Spencer, supra,* at 609, 610 N.C., 888 S.E. 2d.

This assignment of error is overruled.

**[5]**    Defendant's assignment of error No. 7 is addressed to the failure of the court to define "corroborative" evidence in its instructions to the jury at the time the testimony was admitted. Defendant cites no authority for his position, nor does the record indicate that he requested the court to define the term. Failure to define the term is not ground for exception. *State v. Lee,* 248 N.C. 327, 103 S.E. 2d 295. Defendant's mere assertion that the jury probably did not know the meaning of the word is clearly insufficient to show prejudicial error. This assignment of error is overruled.

**[6]**    Assignment of error No. 8 relates to the court's denial of defendant's motion for nonsuit. Defendant urges that there was absolutely no details of any act of sexual intercourse and, therefore, without evidence of penetration, the case should not have been submitted to the jury. To bolster this position, defendant contends that

the State relied primarily on the testimony of the prosecuting witness who had made prior exculpatory statements and whose testimony was, therefore, unworthy of belief. The prosecuting witness was a 12-year-old girl in the sixth grade at school who testified that her father, the defendant, had had sexual intercourse with her on several occasions and that the last such occasion had been "approximately a week before my sister went down to South Carolina". She further testified unequivocally that she knew what sexual intercourse means. Her testimony was corroborated by several witnesses who had talked with her about it. Her 11-year-old sister testified that her father had also had sexual intercourse with her on several occasions but not since the warrant was sworn out against him. The physician who examined the prosecuting witness testified that his examination revealed that her vagina was somewhat relaxed and her hymen was completely obliterated, that in his professional opinion the female sex organs had been penetrated more than once and "the object that penetrated the female sex organs could have been an adult male sex organ." There was also evidence that defendant had stated, "I did but I wasn't the first one."

Defendant's contention that his motion to nonsuit the action should have been granted, based on lack of evidence of sexual penetration, is untenable.

> "The law did not require the complaining witness to use any particular form of words in stating that the defendant had carnal knowledge of her. S. v. Hodges, 61 N.C. 231. Her testimony that the defendant had 'intercourse' with her and 'raped' her under the circumstances delineated by her was sufficient to warrant the jury in finding that there was penetration of her private parts by the phallus of the defendant. Ballew v. State, 23 Ala. A. 274, 124 S. 123; S. v. Bailly, 29 S.D. 588, 137 N.W. 352." State v. Bowman, 232 N.C. 374, 376, 61 S.E. 2d 107, 108.

[7] Nor is the contention that the case should not have been submitted to the jury because the prosecuting witness was not worthy of belief well founded. The office of the statutory motion for judgment of nonsuit in a criminal action is not to pass upon the credibility of the witness for the prosecution or take into account any contradictory evidence offered by defendant. Whether the testimony is true or false and what it proves if it be true are matters for the jury. State v. Bowman, supra. The court is to consider the evidence favorable to the State, assume it to be true, and determine its legal sufficiency to sustain the allegations of the indictment. This the trial court did and, in our opinion, ruled correctly in denying defendant's motion for nonsuit.

**[8]**  The ninth assignment of error asserts that the court committed reversible error in failing to instruct the jury as to the credibility of witnesses. It is permissible to do so, but not mandatory, and failure to do so is not the proper subject of exception. *State v. McKinnon,* 223 N.C. 160, 25 S.E. 2d 606. Defendant did not request any additional instructions with respect to credibility of witnesses. This assignment of error is without merit.

Affirmed.

MALLARD, C.J., and HEDRICK, J., concur.