STATE OF NORTH CAROLINA v. LEROY MITCHELL

No. 695SC539

(Filed 17 December 1969)

**Criminal Law § 113— instruction on corroborating evidence — sufficiency**

> Instruction in common law robbery prosecution that the testimony of police officers was to be considered by the jury only as corroborating evidence, *held* sufficient, even though the court did not define the word "corroborate."

APPEAL by defendant from *Copeland, S.J.,* 19 May 1969 Criminal Session, NEW HANOVER County Superior Court.

Defendant was tried on a valid bill of indictment charging him with the felony of common law robbery. He entered a plea of not guilty. The jury found him guilty, and from a sentence of not less than six nor more than 10 years in the State Prison system, the defendant appealed.

The evidence on behalf of the State tended to show that about 2:00 A.M. on 16 March 1969 Robert G. Bradley approached the house at 516 McRae Street in Wilmington where he had a room. At this time he observed some five people, including the defendant, inside the fence. As Bradley entered the gate, he was seized by the defendant and thrown to the ground where he was beaten and kicked; his wallet was extracted from his pocket, and his wedding band was taken. The defendant was the only one in the group recognized and known by Bradley. The next day he observed the defendant on the street wearing the wedding band. Bradley went up to the defendant and requested the return of his wedding band, and the defendant refused to return it. Bradley had some $13.00 in his wallet which was taken and never recovered. When the defendant refused to return the wedding band, Bradley reported the occurrence to the police, and a warrant was taken out for the defendant's arrest.

The defendant did not testify but offered the testimony of Margaret Logan to the effect that the defendant came to her home about midnight on the day in question and remained in her home until 10:00 a.m. the next day.

*Attorney General Robert Morgan and Staff Attorney Roy A. Giles, Jr., for the State.*

*Murchison, Fox and Newton by James C. Fox, for defendant appellant.*

CAMPBELL, J.

The defendant assigns as error the failure of the trial court to define or explain the meaning of the term "corroborate". Two police officers testified on behalf of the State. They testified as to what the prosecuting witness Bradley told them. In each instance when the witness started to tell what the prosecuting witness Bradley had told him, the defendant objected. The court thereupon instructed the jury:

> "Objection having been made, the Court instructs you that the objection having been made the objection is overruled, but this is being offered for the purpose of corroborating the witness if in fact you find it does corroborate the witness and for no other purpose. . . ."

The defendant asserts that this instruction was not sufficient as it did not explain adequately the meaning of the term corroboration. The defendant relies upon the case of *Sprague v. Bond,* 113 N.C. 551, 18 S.E. 701 (1893). This case does not support the position of the defendant. *Sprague v. Bond* merely holds that where corroborating evidence is introduced and the trial judge is requested to instruct the jury that it is to be considered only as corroborating evidence, and not substantive evidence, then it is incumbent upon the judge to do so. In the instant case the judge did instruct the jury that the testimony in this regard of the police officers was to be considered only as corroborating evidence. For the correct rule with regard to the distinction between corroborating evidence and substantive evidence and the requirement of the trial judge in regard thereto, see Stansbury, N.C. Evidence 2d, Witnesses, § 52.

In the instant case the trial judge properly instructed the jury, and there is no merit in this assignment of error.

The defendant also assigns as error that the court expressed an opinion concerning the facts to be proven and gave unequal stress to the contentions of the State and the defendant. We have reviewed the charge and are of the opinion that based upon the evidence introduced in the case, the charge was fair and adequate and in no way prejudicial to the defendant. The objection to the charge is broadside.

A review of the record and of the charge reveals that the defendant had a fair and adequate trial free from prejudicial error in law, and we find

No error.

PARKER and GRAHAM, JJ., concur.