STATE OF NORTH CAROLINA v. RALPH NETTLES

No. 737SC743

(Filed 28 November 1973)

**Criminal Law §§ 116, 117; Narcotics § 4.5— credibility of witnesses — failure of defendant to testify — requests for instructions required**

The trial court in a prosecution for possession of heroin and LSD did not err in failing to instruct the jury on the credibility of witnesses and on defendant's failure to testify where defendant did not request such instructions.

APPEAL by defendant from *Webb, Special Judge,* 9 April 1973 Session of Superior Court held in NASH County.

Defendant was tried in the Superior Court of Nash County for possession of heroin and LSD (lysergic acid diethylamide) in

violation of G.S. 90-95. He pled not guilty and was convicted by the jury.

The State's evidence tended to show that two police officers observed defendant standing at an intersection in the city of Rocky Mount and saw him drop from his hand two shiny objects which proved to be tinfoil packets. The packets were sent to the State Bureau of Investigation Crime Laboratory where the contents were analyzed and found to be heroin and LSD.

Defendant offered no evidence.

From judgment imposing a sentence of five years, he has appealed.

*Attorney General Morgan, by Assistant Attorney General William F. O'Connell, for the State.*

*Moore, Diedrick & Whitaker, by L. G. Diedrick, for defendant appellant.*

BALEY, Judge.

Defendant contends that the trial court erred in failing to instruct the jury on the credibility of witnesses and on his failure to testify. No request was made for these instructions. " 'Where the charge fully instructs the jury on all substantive features of the case, defines and applies the law thereto, and states the contention of the parties, it complies with G.S. 1-180, and a party desiring further elaboration on a particular point . . . or a charge on a subordinate feature of the case, must aptly tender request for special instruction.' " *State v. Hunt,* 283 N.C. 617, 623, 197 S.E. 2d 513, 517; *accord, State v. Guffey,* 265 N.C. 331, 144 S.E. 2d 14; *State v. Garrett,* 5 N.C. App. 367, 168 S.E. 2d 479, *cert. denied,* 276 N.C. 85.

It is proper for the judge to charge the jury on the credibility of witnesses, in the absence of a request for such an instruction, but it is not mandatory that he do so. *State v. McKinnon,* 223 N.C. 160, 25 S.E. 2d 606; *State v. Hardee,* 6 N.C. App. 147, 169 S.E. 2d 533.

In the same way, the court is not required to give an instruction on the defendant's failure to testify when there has been no request for such an instruction. In fact, "[o]rdinarily, it would seem better to give no instruction concerning a defendant's failure to testify unless such an instruction is

requested by defendant." *State v. Barbour,* 278 N.C. 449, 457, 180 S.E. 2d 115, 120.

No error.

Judges BRITT and MORRIS concur.