STATE OF NORTH CAROLINA v. DAVID HOKE LINDER

No. 7420SC1080

(Filed 16 April 1975)

**Criminal Law § 113— definition of terms — request for instructions required**

In the absence of a request, the trial court was not required to define the terms "corroboration" and "substantive evidence."

ON *Certiorari* to review convictions of defendant and judgments of *Martin, (Robert M.), Judge.* Judgment entered 4 February 1974 in Superior Court, UNION County. Heard in the Court of Appeals 10 March 1975.

The defendant was charged in three bills of indictment with (1) assault with a deadly weapon with intent to kill inflicting serious injury, (2) assault with intent to commit rape, and (3) kidnapping. The defendant pled not guilty to all charges.

The jury returned verdicts of guilty as charged under the first and third offenses listed above and guilty of assault on a female under the second. From sentences of imprisonment, the defendant seeks a review.

*Attorney General Edmisten by Associate Attorney W. A. Raney, Jr., for the State.*

*Charles V. Bell for the defendant.*

CLARK, Judge.

The only assignment of error brought forward is that the trial court erred in failing to instruct the jury as to the meaning of the terms "corroboration" and "substantive evidence". However, in the absence of a request, the trial court is not required to define these terms, and since there was no request here we discern no prejudice to the defendant. *State v. Mitchell,* 7 N.C. App. 49, 171 S.E. 2d 31 (1969) and *State v. Hardee,* 6 N.C. App. 147, 169 S.E. 2d 533 (1969). Having further reviewed the face of the record for errors, we find none.

No error.

Judges PARKER and HEDRICK concur.