UNITED STATES of America,
Appellee,

v.

Samuel Alden INGRAM, Jr., Appellant.

No. 75–1780.

United States Court of Appeals,
Fourth Circuit.

Submitted Nov. 21, 1975.

Decided Jan. 27, 1976.

Douglas M. Martin, Asst. U. S. Atty., Charlotte, N. C., for appellee.

Michael J. Blackford, Charlotte, N. C. [Court-appointed], for appellant.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Samuel Alden Ingram, Jr., was convicted by a jury on September 25, 1972, of the armed robbery of a bank in Charlotte, North Carolina, in violation of 18 U.S.C. § 2113(a) and (d). He was sentenced to a term of fifteen years' imprisonment. On appeal, we remanded his case for resentencing, since Ingram was eligible for sentencing under the Federal Youth Corrections Act (FYCA), 18 U.S.C. § 5010(d), and the district court had failed to consider sentencing him thereunder. The trial judge found upon remand that Ingram would not benefit from sentencing under the FYCA, and accordingly reimposed the fifteen-year sentence. Ingram appeals a second time, contending that the district court abused its discretion by systematically refusing to sentence eligible defendants under the FYCA when they have been convicted of armed bank robbery.

A sentence imposed by a federal district judge, if within statutory limits, is generally not subject to appellate review. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Gore v. United States*, 357 U.S. 386, 393, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1950). The decision as to sentence is within the sole province and discretion of the trial judge. *United States v. Pruitt*, 341 F.2d 700 (4 Cir. 1965).

However, the FYCA requires a federal district court, in sentencing a youth offender under applicable penal statutes, to make a finding that the defendant would not benefit from sentencing under the Act. *Dorszynski v. United States*, 418 U.S. 424, 443–44, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). But there is no need for the district court to accompany such a finding with supporting reasons. *Id.; see also Cox v. United States*, 473 F.2d 334 (4 Cir. 1973), cert. denied, 414 U.S. 869, 94 S.Ct. 183, 38 L.Ed.2d 116 (1974). In the instant case, the district court made an express finding of "no benefit"; *Dorszynski* therefore precludes appellate review of the denial of disposition of the defendant as a youth offender.

Although we are precluded from reviewing the merits of a "no benefit" finding, *Dorszynski* recognizes that "[a]lthough well-established doctrine bars review of the exercise of sentencing discretion, limited review is available when sentencing discretion is not exercised at all." 418 U.S. at 443, 94 S.Ct. at 3052; *United States v. Williams*, 407 F.2d 940, 945 (4 Cir. 1969). "Once it is made clear that the sentencing judge has considered the option of treatment under the Act and rejected it, however, no appellate review is warranted." *Dorszynski*, 418 U.S. at 443, 94 S.Ct. at 3053.

Limiting our inquiry to whether the sentencing judge indeed exercised his discretion in formulating his finding of "no benefit" in the instant case, we conclude that he did not. In response to an assertion that he never sentenced armed bank robbers under FYCA, the district judge said at one point that he had never done so, and later that: "I don't intend to. I wouldn't use that Youths [sic] Corrections Act for a boy who goes into a bank with a gun in his hand." In a letter which was introduced into evidence, the sentencing judge again stated: "I don't think any bank robber would (benefit) who affected [sic] such a crime by the use of firearms and other dangerous instrumentalities." From these statements, the conclusion is inescapable that the district court found "no benefit" as the result of a policy not to sentence a defendant convicted of armed bank robbery under FYCA because of the crime he had committed and not because of any factors peculiar to him or to his case.

A rigid sentencing policy based solely on the crime with which the defendant is charged "is under no reasonable conception an exercise of judicial discretion." *United States v. Hartford*, 489 F.2d 652, 655 (5 Cir. 1974). "A trial court which fashions an inflexible practice in sentencing contradicts the judicially approved policy in favor of 'individualized sentences,' *Williams v. New York*, 337 U.S. 241, 248, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949)." *United States v. Daniels*, 446 F.2d 967, 971 (6 Cir. 1971). *Accord: United States v. Baker*, 487 F.2d 360 (2

**604**

Cir. 1973); *Woosley v. United States*, 478 F.2d 139 (8 Cir. 1973); *United States v. Daniels*, 446 F.2d 967, 971 (6 Cir. 1971); *United States v. McCoy*, 139 U.S.App. D.C. 60, 429 F.2d 739 (1970).

Individualization of sentencing is of paramount interest with youthful offenders, as is evidenced by congressional enactment of the FYCA. Had Congress desired that no armed robbers be considered for FYCA sentencing, it was within its power to exclude all such offenders from the purview of the statute.

Accordingly, the sentence is vacated, and the case is remanded for further proceedings consistent with this opinion. Since we conclude that this record reflects a policy on the part of the district judge that prevented his proper exercise of the discretion vested in him by Congress, we direct that Ingram be resentenced by another district judge.