UNITED STATES of America, Appellee,

v.

Drenia J. BARROW, Appellant.

No. 76–1582.

United States Court of Appeals,
Fourth Circuit.

Submitted Aug. 9, 1976.

Decided Sept. 3, 1976.

William B. Cummings, U. S. Atty., and Stephen Wainger, Asst. U. S. Atty., Norfolk, Va., on brief, for appellee.

Alan Stephen Balaban, Norfolk, Va., for appellant.

Before BOREMAN, Senior Circuit Judge, RUSSELL, Circuit Judge, and FIELD, Senior Circuit Judge.

PER CURIAM:

Drenia J. Barrow appeals from the imposition of a five-year sentence of imprisonment under 18 U.S.C. § 1708. On March 22, 1976, Barrow pleaded not guilty to a three count indictment charging her with unlawfully possessing, forging and uttering a government check. Prior to trial, however, she withdrew her previously entered plea of not guilty as to count one and entered a guilty plea to the charge of unlawfully possessing a check known to be stolen from the mail.[1] The district court accepted defendant's guilty plea, but delayed sentencing to permit the probation officer to make a presentence investigation and to have available a presentence report to assist the district judge in discharging his sentencing responsibility.

On the day set for sentencing, the court convened and the judge reviewed the presentence report that had been prepared. Defendant's court-appointed attorney argued that Barrow's criminal acts were due to drug addiction and that she should be placed on supervised probation so that she

---

1. The government agreed to dismiss the other two counts of the indictment in exchange for Barrow's guilty plea to count one. Subsequent to sentencing on count one, the district court granted the United States Attorney's motion to dismiss the remaining two counts of the indictment.

could "change her life style." The judge stated that defendant's record indicated that she had failed to benefit from several prior exposures to drug rehabilitation programs and he was of the opinion that incarceration was appropriate in the circumstances.[2] The judge then sentenced Barrow to five years of imprisonment, the maximum term that could be imposed under 18 U.S.C. § 1708.

Counsel representing Barrow on appeal has filed a brief in this court citing *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and has requested permission to withdraw as counsel for appellant. Counsel's brief states that in his opinion there is no basis for appeal and an appeal would be wholly frivolous and without merit, as he was unable to discover and point to any error which might arguably support the appeal. The government has responded with a motion for summary affirmance or, in the alternative, dismissal of the appeal. A copy of counsel's brief and a copy of the government's motion were furnished to Barrow, and she responded by raising three issues on appeal.

■■■ Barrow's first contention is that she should have been sentenced under a drug rehabilitation program. Although such a sentence may be imposed pursuant to 18 U.S.C. §§ 4251–55, sentencing under

the provisions of the Act is left to the sound discretion of the district court. The court's determination will not be disturbed on appeal absent a showing that the judge abused or failed to exercise his discretion. *See United States v. Williams,* 407 F.2d 940 (4 Cir. 1969). In the instant case the record of the sentencing proceeding clearly indicates that the judge considered a range of factors, such as defendant's criminal record and past performance in drug rehabilitation programs, in reaching his decision. Actual disposition under 18 U.S.C. § 4253 requires an ultimate determination by the judge that the addict "is likely to be rehabilitated through treatment." It was well within the sound discretion of the sentencing judge to determine, as he did, that the defendant's personal history indicated that she would not be susceptible to treatment.[3] The judge properly exercised the discretion conferred upon him by the provisions of 18 U.S.C. §§ 4251–55.[4]

■■■ Barrow's second claim is that the judge erred by considering her prior record in determining the severity of her sentence. She does not, however, allege that there was any incorrect information contained in the material reviewed by the judge. Under the circumstances, it was entirely proper for the judge to review Barrow's record

---

2. Immediately prior to passing sentence the judge stated:

   . . . I find nothing in her record here that indicates that she would try and help herself and, after all, that's the sum total in the bottom line of these situations, that nobody else can do it for her. They can help some, and every judge that she's appeared before heretofore has tried to help her by going easy on her and she hasn't responded to it. Other people have tried to help her with her drug habit. She's been in and out of drug programs and that hasn't helped any, and I think it's about time now that the Court started protecting society, and that's the only thing I can do. (Tr. 7).

3. The Court of Appeals for the District of Columbia has recognized that the availability of treatment under the act is not inflexible, because "[t]he need for treatment can be outweighed by other policy considerations, such as those which might legitimately apply to traffickers, *or to persons who were not susceptible*

*to treatment* or who would, by their behavior, endanger the effectiveness of on-going treatment of others." (Emphasis supplied) *United States v. Harrison,* 158 U.S.App.D.C. 229, 485 F.2d 1008, 1010 (1973) (footnotes omitted).

4. Appellant was twenty-four years old at the time of sentencing and thus was eligible to be sentenced under 18 U.S.C. § 4209 as a Young Adult Offender under the Federal Youth Corrections Act. Nevertheless, the judge specifically found that she would not benefit from sentencing under the Act. 18 U.S.C. § 5010(d). "Once it is made clear that the sentencing judge has considered the option of treatment under the Act and rejected it, . . . no appellate review is warranted." *Dorszynski v. United States,* 418 U.S. 424, 443, 94 S.Ct. 3042, 3053, 41 L.Ed.2d 855 (1974). Thus, this is an added indication that the judge was exercising sentencing discretion although the failure to sentence appellant under the Youth Corrections Act is not challenged on appeal.

before determining the sentence to be imposed. Fed.R.Crim.P. 32(c)(2).

 Appellant's final claim is that the five-year term of imprisonment imposed was excessive. The sentence imposed upon appellant by the judge was within the statutory limits provided by 18 U.S.C. § 1708. "A sentence imposed by a federal district judge, if within statutory limits, is generally not subject to appellate review." *United States v. Ingram,* 530 F.2d 602, 603 (4 Cir. 1976). The decision as to the length of Barrow's sentence was within the sole province and discretion of the sentencing judge. *United States v. Pruitt,* 341 F.2d 700 (4 Cir. 1965).

Accordingly, the government's motion for summary affirmance is granted. Court-appointed counsel's motion to withdraw from further representation is *denied.*

*Affirmed.*