STATE OF NORTH CAROLINA v. CHARLIE HOWARD

No. 7715SC928

(Filed 4 April 1978)

1. **Criminal Law § 169.6— failure of record to show excluded testimony**

   The sustaining of an objection will not be held prejudicial when the record does not show what the answer of the witness would have been had the objection not been sustained.

2. **Narcotics § 4— possession of heroin—sufficiency of evidence**

   The State's evidence was sufficient for the jury in a prosecution for possession of heroin where it tended to show that an officer observed defendant tear something in two and then saw two pieces of paper fall from defendant's hands; the officer went to the spot where they fell and found two envelopes, one of which was torn in two; and the untorn envelope contained nine packets of heroin.

3. **Criminal Law §§ 112.1, 113.3— failure to request instructions**

   In the absence of a request for specific instructions, the trial court was not required to define reasonable doubt or to instruct on the credibility of witnesses, the weight to be given particular evidence or the impeachment of a witness by a prior inconsistent statement.

4. **Criminal Law § 111.1— judge's duty of impartiality—failure to instruct**

   A trial judge is not required to instruct on his duty of impartiality.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 24 February 1977 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 7 March 1978.

Defendant was indicted for felonious possession of heroin with intent to sell. He entered a plea of not guilty.

The State presented evidence which tended to show that on 19 March 1976 the Burlington Police Department, acting pursuant to a tip, placed defendant under surveillance. Defendant was first

observed in a parked automobile with another person on Rawhut Street. He emerged from the parked car and proceeded in the direction of Dudley Street where three or four men were standing in front of a cafe. As defendant approached these men, he turned and spotted the police officers who were tracking him. He immediately quickened his pace and headed into an alley. Detective Alvis Wilson followed defendant on foot and observed him tearing something in two. Wilson then saw two pieces of paper fall from defendant's hands. The pieces of paper turned out to be two envelopes, one torn in two. Upon analysis, the two envelopes were found to contain a small amount of marijuana and nine packets of heroin, respectively.

The defendant presented no evidence.

The case was submitted to the jury only on the lesser included offense of unlawful possession of heroin. The jury returned a verdict of guilty and defendant was sentenced to two (2) to three (3) years imprisonment. Defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Thomas H. Davis, Jr., for the State.*

*Leroy W. Upperman, Jr., for the defendant.*

MARTIN, Judge.

Defendant first contends that the trial court erroneously and prejudicially restricted his right of cross-examination. Specifically, he argues that the trial court improperly limited his opportunity to cross-examine and impeach State's witness Wilson by sustaining the State's objections to certain questions relative to Wilson's testimony at a previous hearing.

[1] Our courts have oft stated the rule that "the legitimate bounds of cross-examination are largely within the discretion of the trial judge, so that his ruling will not be held as prejudicial error absent a showing that the verdict was improperly influenced thereby." *State v. Chance,* 279 N.C. 643, 185 S.E. 2d 227 (1971). In the instant case, defense counsel's inquiries to Wilson relative to his previous testimony were unrestricted except for two instances in which the court sustained the State's objections apparently because of the form of the questions propounded. Without passing on the correctness of these rulings, we are of the

opinion that no prejudicial error has been made to appear from the record. Not only does the record disclose that defense counsel was otherwise unrestricted in his cross-examination of Wilson, but it also *fails* to show what the answers would have been to the excluded questions. It is well established in this State that the sustaining of an objection will not be held prejudicial when the record does not show what the answer would have been had the objection not been sustained. *State v. Felton*, 283 N.C. 368, 196 S.E. 2d 239 (1973). This assignment is accordingly overruled.

[2]  Defendant next assigns error to the trial court's denial of his timely motions to dismiss the charge. He contends that the State failed to produce substantial evidence on the issue of defendant's possession of heroin. This contention is without merit.

Defendant dwells at length on Detective Wilson's testimony that he observed *two* pieces of paper fall from defendant's hands. It is defendant's argument that these two pieces of paper were the torn envelope containing marijuana and that there was no evidence linking defendant to a third piece of paper — an untorn envelope containing heroin. Defendant's argument is untenable. After observing defendant tear and drop the pieces of paper, Wilson immediately went to the spot where they fell and found the two envelopes, one of which was torn in two. It is simply unrealistic to maintain that an envelope containing heroin just happened to be lying in the same spot. The reasonable inference to be drawn from this evidence, considering it in the light most favorable to the State, is that defendant disposed of both the envelopes containing the drugs when he saw the officers. We overrule this assignment of error.

[3, 4]  In the remaining assignments of error, defendant brings forward a number of exceptions to the court's charge to the jury. These we find to be without merit. The trial court did not err in failing to define "reasonable doubt" in the absence of a request for the same from defendant. *State v. Ingland*, 278 N.C. 42, 178 S.E. 2d 577 (1971). Likewise, the trial court's failure to instruct on the credibility of witnesses, the weight to be given particular evidence and the impeachment of a witness by prior inconsistent statements was not prejudicial error in light of defendant's failure to request specific instructions on such matters. *See State v. Hunt*, 283 N.C. 617, 197 S.E. 2d 513 (1973); *State v. Nettles*, 20

N.C. App. 74, 200 S.E. 2d 664 (1973). Finally, defendant has cited, and we can find, no authority for the proposition that a trial judge is required to instruct on his duty of impartiality. When the charge is considered contextually, and as a whole, we find it to be free from prejudicial error.

In defendant's trial, we find no prejudicial error.

No error.

Judges MORRIS and ARNOLD concur.