STATE OF NORTH CAROLINA v. JAMES AVERY BILL HARRIS

No. 8326SC704

(Filed 6 March 1984)

1. **Criminal Law § 75.7— question as to defendant's address—no custodial interrogation**

   An officer's question as to defendant's address, asked solely to obtain information so that the officer could fill out a waiver of rights form for defendant, did not constitute interrogation within the meaning of the *Miranda* decision, and defendant's statement of his address was properly admitted into evidence even though defendant had not been given the *Miranda* warnings prior to making the statement.

2. **Robbery § 5.4— armed robbery—failure to instruct on common law robbery**

   The trial court in an armed robbery case did not err in failing to instruct on the lesser included offense of common law robbery where the evidence showed that defendant perpetrated the robbery with the threatened use of a shotgun, and there was no conflicting evidence with respect to the elements of the crime charged.

3. **Robbery § 5.2— armed robbery—actual danger or threat to victim—sufficiency of instructions**

   The trial court's instructions in an armed robbery case adequately explained the element of actual danger or threat to the victim, and the court did not err in refusing to give special instructions tendered by defendant to make clear this element of the crime, where the evidence showed that defendant was armed with a shotgun contained in a four-foot tube; the victim saw the barrel of the shotgun inside the tube when defendant pointed it at her and saw the stock of the gun protruding from the other end of the tube; and on one occasion when defendant pointed the shotgun directly at the victim, she begged, "Please don't shoot me."

4. **Criminal Law § 119— oral request for instructions—no abuse of discretion in failure to give**

   The trial court did not abuse its discretion in refusing to give defendant's requested instruction on alibi where the requested instruction was not submitted in writing and signed as required by G.S. 1-181.

**5. Criminal Law § 134.4— policy of not sentencing armed robbers as youthful offenders**

 The trial court did not abuse its discretion under G.S. 148-49.14 in refusing to consider the possibility of youthful offender status for defendant because he had been convicted of armed robbery.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 10 March 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 18 January 1984.

Defendant was tried for robbery with a dangerous weapon. The evidence showed that on 9 December 1982 the Action Clean laundromat in Charlotte, North Carolina was opened for the day's business just prior to 7:00 a.m. by its manager, Vonnie Hodson. Shortly thereafter, defendant, wearing blue jeans and a green Army jacket, entered the store carrying a tube that was about four feet long and two inches in diameter. Defendant asked Mrs. Hodson for change for a dollar. As Mrs. Hodson bent down under the counter to unlock the cash box, the defendant pointed the tube at her and said, "Just give it all to me." Mrs. Hodson could see the barrel of a shotgun inside the tube and the stock of the gun at the other end of the tube. Defendant took the money from the cash box and told Mrs. Hodson to open the Coke machine which she did. Defendant complained that there was no money in the Coke machine and pointed the tube at Mrs. Hodson again who begged, "Please don't shoot me." Defendant told Mrs. Hodson to back out of his way and then he left the store.

On 18 December 1982 a young boy who had been in the store immediately prior to the robbery came into Action Clean and told Mrs. Hodson that he had just seen the man who committed the robbery going into the nearby Revco store. Mrs. Hodson contacted a security guard and went with him to the Revco store whereupon she identified the defendant as the man who committed the robbery. Mrs. Hodson also *identified the defendant at* trial as the man who robbed her.

At trial, defendant's mother, Mrs. Willa Mae Harris, testified that the defendant lived at 2848 Willow Street in Charlotte with her and the rest of her family. This address is located about 13 miles from the Action Clean store. She said that on the night before the robbery defendant worked at a temporary job until

midnight and that the next day he stayed home in bed until 3:00 p.m. She said defendant did not own a green Army jacket.

Police Officer C. H. Parker, who questioned the defendant subsequent to his arrest, testified that in the course of his questioning he asked the defendant for his address. Defendant said his address was 624-D Billingsly Road. Defendant's girl friend lived at this same address which was located near the Action Clean store. Officer Parker then advised defendant of his constitutional rights and asked him about the robbery. Defendant denied knowing anything about the crime.

The jury returned a verdict of guilty and defendant was sentenced to the statutory minimum term of 14 years. From the judgment entered, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Edmond W. Caldwell, Jr., for the State.*

*Appellate Defender Adam Stein and the Appellate Defender Clinic of the University of North Carolina School of Law, by James R. Glover, for defendant appellant.*

WEBB, Judge.

[1] Defendant assigns as error the admission into evidence of his post-arrest statement that his address was 624-D Billingsly Road. This evidence was admitted over objection and after a *voir dire* hearing. The trial court ruled that the question put to the defendant as to his address "was a routine preliminary question and did not constitute interrogation." Defendant contends the question did constitute interrogation and that since it was asked before defendant was advised of his constitutional rights, it was inadmissible. The State concedes that Officer Parker asked defendant his name, age, and address so that he could fill out an Adult Waiver of Rights form for defendant and that at the time defendant was asked for this information, he was in police custody and had not yet been advised of his constitutional rights. However, the State argues that these questions were routine questions normally attendant to arrest and custody and did not constitute interrogation. We agree.

In *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689-90, 64 L.Ed. 2d 297, 308 (1980), *on remand sub nom., State v. Innis,* 433 A. 2d 646 (R.I. 1981), *cert. denied sub nom., Innis v. Rhode Island,* 456 U.S. 930, 102 S.Ct. 1980, 72 L.Ed. 2d 447, *amended,* 456 U.S. 942, 102 S.Ct. 2005, 72 L.Ed. 2d 464 (1982), the United States Supreme Court defined "interrogation" as follows:

> "[T]he term 'interrogation' under Miranda [*Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966)] refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."

Thus, the Supreme Court indicated that routine questioning attendant to arrest and custody does not constitute interrogation.

North Carolina courts have indicated their agreement with *Innis* by holding that certain preliminary, routine questions asked of a suspect are not proscribed by *Miranda v. Arizona, supra. See State v. Ladd,* 308 N.C. 272, 302 S.E. 2d 164 (1983); *State v. Young,* 54 N.C. App. 366, 283 S.E. 2d 812 (1981), *aff'd,* 305 N.C. 391, 289 S.E. 2d 374 (1982); and *State v. Sellers,* 58 N.C. App. 43, 293 S.E. 2d 226, *appeal dismissed,* 306 N.C. 749, 295 S.E. 2d 485 (1982). Most recently, in *State v. Ladd, supra,* our Supreme Court held "that interrogation does not encompass routine informational questions posited to a defendant during the booking process." *Id.* at 286, 302 S.E. 2d at 173. The Court quoted with approval the following explanation for such a holding:

> " 'Despite the breadth of the language used in *Miranda,* the Supreme Court was concerned with protecting the suspect against interrogation of an investigative nature rather than the obtaining of basic identifying data required for booking and arraignment.' "

*State v. Ladd, supra* at 286, 302 S.E. 2d at 173, *quoting United States ex rel. Hines v. LaVallee,* 521 F. 2d 1109, 1112-13 (2d Cir. 1975), *cert. denied sub nom., Hines v. Bombard,* 423 U.S. 1090, 96 S.Ct. 884, 47 L.Ed. 2d 101 (1976). However, our Supreme Court limited its holding to routine informational questions that are not

"reasonably likely to elicit an incriminating response" from the suspect. *State v. Ladd, supra,* at 287, 302 S.E. 2d at 173.

We hold the trial court correctly concluded that the question asked in the present case as to the defendant's address was a routine preliminary question that did not constitute interrogation as that term has been defined by both the United States and the North Carolina Supreme Courts. This question was asked solely for the purpose of obtaining basic identifying information so that Officer Parker could fill out the Adult Waiver of Rights form for defendant. The question was not asked so as to elicit an incriminating response, nor was it a question reasonably likely to elicit an incriminating response in this particular case. There is nothing in the record that shows that Officer Parker received any information connecting the robbery of the laundromat with the address given by defendant. Officer Parker testified that at one point in his investigation he had information that the robber lived at 634-D Marvin Road but that this information turned out to be incorrect. We hold defendant's statement as to his address was admissible.

[2]  Next, defendant argues the trial court erred in failing to instruct on the lesser included offense of common law robbery. In *State v. Lee,* 282 N.C. 566, 569-70, 193 S.E. 2d 705, 707 (1973), the Court stated:

> "The essential difference between armed robbery and common law robbery is that the former is accomplished by the use or threatened use of a firearm or other dangerous weapon whereby the life of a person is endangered or threatened. . . . In a prosecution for armed robbery the court is not required to submit the lesser included offense of common law robbery unless there is evidence of defendant's guilt of that crime. If the State's evidence shows an armed robbery as charged in the indictment and there is no conflicting evidence *relating to the elements* of the crime charged an instruction on common law robbery is not required. (Citations omitted.)"

The State's evidence in the instant case shows defendant perpetrated the robbery with the threatened use of a shotgun. There was no conflicting evidence with respect to the elements of the crime charged; therefore, this argument is without merit.

[3]  Defendant assigns as error the court's refusal to give the special instructions tendered by him that made clear the nature of the element of actual danger or threat to the victim. The uncontradicted testimony of Mrs. Hodson shows that defendant was armed with a shotgun contained in a four-foot tube about two inches in diameter, that Mrs. Hodson saw the barrel of the shotgun inside the tube when defendant pointed it at her, and saw the stock of the gun protruding from the other end of the tube.

Mrs. Hodson testified that defendant pointed the shotgun directly at her when he demanded that she give him the money from the cash box and again when he discovered there was no money in the Coke machine. On the second occasion when defendant pointed the shotgun directly at her, she begged, "Please don't shoot me." At all other times during the robbery, defendant had the shotgun pointed in Mrs. Hodson's direction. Given such evidence, we do not believe the special instructions requested by defendant were warranted. We hold the court in its charge to the jury adequately explained this element of the offense.

[4]  Defendant next assigns as error the court's failure to instruct the jury on alibi. In *State v. Hunt*, 283 N.C. 617, 197 S.E. 2d 513 (1973), our Supreme Court held that the trial court is not required to give instructions on the legal effect of alibi evidence unless the defendant makes a special request that such instructions be given. G.S. 1-181 provides that requests for special instructions to the jury must be in writing, entitled in the cause, and signed by the counsel submitting them.

In the present case, defendant's request that the court instruct on alibi was made orally, rather than in writing. Where a requested instruction is not submitted in writing and signed pursuant to G.S. 1-181 it is within the discretion of the court to give or refuse such instruction. *See State v. Spencer*, 225 N.C. 608, 35 S.E. 2d 887 (1945); *State v. Broome*, 268 N.C. 298, 150 S.E. 2d 416 (1966). We find no abuse of discretion in the court's refusal to give the requested instruction.

[5]  Lastly, defendant argues the trial court erred by categorically rejecting youthful offender commitments for all persons convicted of robbery with a dangerous weapon. Defendant's counsel requested that the court sentence defendant as a committed

youthful offender pursuant to G.S. 148-49.14. The court refused such request stating, "I don't sentence armed robbers as committed youthful offenders." Defendant argues this statement reflected the court's policy of refusing to consider the possibility of youthful offender status for those convicted of armed robbery and thus demonstrated its abuse of discretion by its failure to exercise discretion.

Defendant relies on the case of *United States v. Ingram*, 530 F. 2d 602 (4th Cir. 1976) in which the Fourth Circuit held the trial judge had abused his discretion by refusing to consider armed robbers for treatment under the Federal Youth Corrections Act (hereinafter F.Y.C.A.), 18 U.S.C. § 5010(d). In *Ingram*, the trial judge stated that he had never considered armed robbers for treatment under F.Y.C.A. and never intended to because he did not believe such persons would benefit from the program. We are not bound by this decision, nor do we find it dispositive of the present case.

G.S. 148-49.14 provides in part:

"As an alternative to a sentence of imprisonment as is otherwise provided by law, when a person under 21 years of age is convicted of an offense punishable by imprisonment . . . the court may sentence such person to the custody of the Secretary of Correction for treatment and supervision as a committed youthful offender. . . . If the court shall find that a person under 21 years of age should not obtain the benefit of release under G.S. 148-49.15, it shall make such 'no benefit' finding on the record."

This statute does not say how a judge should exercise his discretion or what factors he must consider when imposing a sentence. We do not believe we can hold that because a judge has a policy of not sentencing those convicted of armed robbery as committed youthful offenders that he has committed error under the statute.

No error.

Chief Judge VAUGHN and Judge WHICHARD concur.