836 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Elmer FORD, Defendant-Appellant.
 No. 87-5044.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 4, 1987.
Decided Dec. 23, 1987.
 
 Michael Joseph Champlin (White, Blackburn & Conte, P.C. on brief) for appellant.
 N. George Metcalf, Assistant United States Attorney (Henry E. Hudson, United States Attorney on brief) for appellee.
 Before WIDENER, K.K. HALL, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 On February 10, 1987, James Earl Ford pleaded guilty to five counts of a fourteen count federal indictment charging him with assorted violations of the National Firearms Registration and Transfer Act, 26 U.S.C. Secs. 5861 and 5871. The plea exposed him to a potential punishment of ten years imprisonment on each count for a total of fifty years. The district court, however, imposed a prison term that totalled only ten years.[1] Ford now appeals the sentencing order, contending that the court improperly relied upon "misinformation" regarding his potential dangerousness in determining his sentence. Ford also argues that his punishment was disproportionately severe when compared with that imposed on others for the same offense. We find Ford's contentions utterly without merit.
 
 
 2
 A sentence imposed within the statutory limits is generally not subject to appellate review unless the trial court has grossly abused its discretion. E.g. United States v. Barrow, 540 F.2d 204 (4th Cir.1976). Although a narrow exception exists in circumstances where the sentence is founded upon "misinformation of a constitutional magnitude." United States v. Tucker, 404 U.S. 443 (1972), we find no such misinformation present in this instance. At most the question of whether Ford posed a continuing danger to the community as asserted by the government was a point of controversy which the district court resolved well within the bounds of sound discretion.
 
 
 3
 We likewise reject Ford's effort to compare his punishment with that supposedly imposed upon other defendants. A criminal sentence is a product of individualized judicial consideration. Mere disparity of sentence, even among codefendants, does not of itself justify appellate review of an otherwise valid sentence. United States v. Truelove, 482 F.2d 1361 (4th Cir.1973). We find nothing in the record to suggest that Ford has been arbitrarily singled out for a more severe punishment than that normally imposed upon similarly situated defendants.
 
 
 4
 Accordingly, the sentencing order of the district court is affirmed.
 
 
 5
 AFFIRMED.