850 F.2d 691
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James I. WELCH, a/k/a Cherokee, Defendant-Appellant.
 No. 88-5023.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1988.
Decided: June 29, 1988.
 
 David W. Bouchard, for appellant.
 Henry E. Hudson, United States Attorney; Robert E. Bradenham II, Assistant United States Attorney, for appellee.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 James I. Welch appeals the sentence imposed upon him by the district court pursuant to a conviction for conspiracy to distribute cocaine. We affirm.
 
 
 2
 Welch pled guilty to the conspiracy count pursuant to a plea agreement whereby a charge of distribution of cocaine was dismissed. The district court sentenced him to ten years in prison, a fine of $15,000 and a special assessment of $50, with the prison term to be served consecutively with a five-year term, previously imposed by a federal court in Texas, for conspiracy to distribute marijuana.
 
 
 3
 On appeal, Welch contends that the district court abused its discretion by not sentencing him "to a term of years which would have taken into account the five years he received for the marijuana conspiracy in Texas." Brief of Appellant, at 7. He asserts that the ten-year sentence should run concurrently with the five-year term imposed in Texas.
 
 
 4
 The sentence imposed by the district court was well within the statutory limits under 21 U.S.C. Sec. 841(a)(1), which prescribes a maximum penalty of fifteen years in prison and a fine of $250,000. Before his guilty plea was accepted by the district court, Welch was fully apprised of the maximum penalties assessable under the statute and was informed that the sentence imposed lay within the court's discretion. The court was under no duty to order that Welch's sentence run concurrently with his previous federal conviction. Because we find no abuse of discretion or the presence of any exceptional circumstances, the sentence imposed is not subject to appellate review. See United States v. Schocket, 753 F.2d 336, 341 (4th Cir.1985); United States v. Barrow, 540 F.2d 204 (4th Cir.1976). Accordingly, the sentencing order of the district court is affirmed.
 
 
 5
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and because oral argument would not significantly aid our resolution of the issue presented.
 
 
 6
 AFFIRMED.