900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Melvin MEADOWS, Defendant-Appellant.
 No. 89-5435.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 31, 1990.
Decided: March 26, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Joe F. Anderson, Jr., District Judge. (CR-88-176)
 Mical Parker Vick, Beatty & Vick, Spartanburg, S.C., for appellant.
 E. Bart Daniel, United States Attorney, David C. Stephens, Assistant United States Attorney, Greenville, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before K.K. HALL, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Edward Melvin Meadows, pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He appeals from the judgment imposing sentence, contending the district court erred in applying the United States Sentencing Guidelines. We affirm.
 
 
 2
 * Meadows was arrested in the Greenville-Spartanburg (South Carolina) Airport and was found to be in possession of four ounces of cocaine. The cocaine was of unusually high purity--81 to 91 percent pure versus typical street values of 35 to 40 percent. Meadows pleaded guilty to one count of possession with intent to distribute. Following the sentencing guidelines, the district court determined that the offense level was level 16 and that Meadows's criminal history category was I, which give a sentencing range of 21 to 27 months. The government requested that, due to the extremely high purity of the cocaine, the court make an upward departure from the guidelines. Meadows responded that the high purity of the cocaine simply reflected the way it is normally sold in New York City, where he obtained it. He pointed out to the court his acceptance of responsibility for the crime and his cooperation and openness with the government.[1] The district court decided not to depart from the guidelines, but gave Meadows the maximum sentence of 27 months.
 
 II
 
 3
 Meadows asserts the district court abused its discretion in sentencing him to the maximum term under the guidelines when he had pleaded guilty and had been cooperative with the government. Section 1B1.4 of the sentencing guidelines,[2] which is based on 18 U.S.C. Sec. 3661, permits the district court to consider a broad range of factors when choosing the appropriate sentence within the guideline range, including information the guidelines do not take into account. U.S.S.G. Sec. 1B1.4, comment. (backg'd); U.S.S.G. Sec. 1B1.3, comment. (backg'd); United States v. Roberts, 881 F.2d 95, 106-07 (4th Cir.1989); United States v. Guerrero, 894 F.2d 261, 268-69 (7th Cir.1990) (1990 WESTLAW 6368).
 
 
 4
 It appears the district court did consider the cooperation of Meadows by deciding not to make an upward departure from the guidelines, but also considered the purity of the cocaine by sentencing Meadows to the maximum within the guideline range. In light of the authorities cited in the previous paragraph, Meadows's assertion of abuse of discretion is without merit. See also 18 U.S.C. Sec. 3742(e) & (f); U.S.S.G. Sec. 1B1.3, comment. (n.1) (relevant conduct for sentencing purposes); United States v. Akinseye, 802 F.2d 740, 746 (4th Cir.1986), cert. denied, 482 U.S. 916 (1987); United States v. Barrow, 540 F.2d 204, 206 (4th Cir.1976).
 
 III
 
 5
 Meadows also challenges the constitutionality of the sentencing guidelines, asserting their enactment and application violate the due process clause. He asks us to reconsider our opinion in United States v. Bolding, 876 F.2d 21 (4th Cir.1989), wherein we rejected a due process challenge to the Sentencing Reform Act and the sentencing guidelines. As a panel, we, of course, cannot overrule a prior decision of this court. E.g., Chesapeake Bay Found. v. Gwaltney of Smithfield, 890 F.2d 690, 695 (4th Cir.1989); Caldwell v. Ogden Sea Transp., Inc., 618 F.2d 1037, 1041 (4th Cir.1980). Even if we could, and noting that nine of our sister circuits like us have found no due process infirmity in the Sentencing Reform Act or the guidelines,[3] we would decline Meadows's invitation to reconsider our Bolding holding.
 
 AFFIRMED
 
 
 [1]
 The base offense level was 18, which the district court reduced by two levels for acceptance of responsibility
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Oct.1988)
 
 
 [3]
 United States v. Thomas, 884 F.2d 540 (10th Cir.1989); United States v. Erves, 880 F.2d 376 (11th Cir.), cert. denied, 110 S.Ct. 416 (1989); United States v. Pinto, 875 F.2d 143 (7th Cir.1989); United States v. Seluk, 873 F.2d 15 (1st Cir.1989); United States v. Allen, 873 F.2d 963 (6th Cir.1989); United States v. Brittman, 872 F.2d 827 (8th Cir.), cert. denied, 110 S.Ct. 184 (1989); United States v. Vizcaino, 870 F.2d 52 (2d Cir.1989); United States v. White, 869 F.2d 822 (5th Cir.), cert. denied, 109 S.Ct. 3172 (1989); United States v. Frank, 864 F.2d 992 (3d Cir.1988), cert. denied, 109 S.Ct. 2442 (1989)